## 53944. STATE OF GEORGIA v. NORTON.

BELL, Chief Judge.

The state filed a libel for condemnation of defendant's car alleging that it contained cocaine while driven by defendant on August 11, 1976. The trial court issued an order directing the sheriff of Clayton County to seize the car and hold it until further order; and to serve a copy of the libel on defendant; and it was further ordered that if no defense was filed within twenty (20) days from the date of the filing of the libel, a judgment by default against the automobile would be entered. The libel and the order were entered by the clerk on November 2, 1976. The record shows that defendant was served on November 3, 1976. Defendant filed an answer on November 16, 1976, denying the material allegation that the vehicle was used to transport cocaine. On January 14, 1977, defendant filed a motion to dismiss on grounds that the libel did not pray for process to issue and no process was issued; that the libel did not conclude with a prayer for due process; and that the order of court required defendant to answer in a shorter period than required by law. After a hearing on the motion the court dismissed the libel because it did not comply with Code § 79A-828 (e) as it:

    (1) Failed to state the location of the merchandise;

    (2) failed to state its present custodian;

    (3) failed to provide for process to issue to the present custodian in possession of the merchandise described in the libel, commanding him to seize the merchandise described in the libel and to hold that merchandise for further order of the court;

    (4) allowed only 20 days in which to file the defense to the libel when the statute permits 30 days; and

    (5) failed to comply with the Civil Practice Act in that no summons was attached to the libel. *Held:*

With the exception of requiring a defense to the libel in 20 days rather than the 30 days as prescribed by Code § 79A-828 (e), defendant made no complaint to the other defects which the court cited for dismissal of the libel. By his failure to complain, he has effectively waived them. With reference to the erroneous 20 days rather than the proper 30 days in which to file a defense, the defendant

waived this error when he answered. Accordingly, the trial court erred in dismissing the libel.

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED MAY 3, 1977 — DECIDED JULY 11, 1977.

*Michael D. Anderson, Assistant District Attorney,* for appellant.

*Brown & Romeo, H. Eugene Brown,* for appellee.